DOUBLE FABRIC TIRE CO. v. GENERAL TIRE & RUBBER CO.

(District Court, N. D. Ohio, E. D.   August 12, 1919.)

No. 409.

PATENTS &⇒328—VALIDITY—WANT OF INVENTION—PRIOR PUBLIC USE.
    Patent No. 964,446, for a blow-out patch for use in reinforcing or repairing automobile tire casings, *held* invalid for want of invention and because of prior public use.

In Equity.  Bill by the Double Fabric Tire Company against the General Tire & Rubber Company.  Bill dismissed.

Hull, Smith, Brock & West, of Cleveland, Ohio, for plaintiff.
Thurston & Kwis, of Cleveland, Ohio, for defendant.

WESTENHAVER, District Judge.  Complainant's bill charges infringement by defendant of United States letters patent No. 964,446. The article of commerce said to be covered thereby and infringed by defendant is what is known as a "blow-out patch" for use in reinforcing or repairing automobile tire casings.  The defenses are invalidity, for lack of invention, and for lack of novelty and prior public uses.

Upon a consideration of the record and briefs I am of opinion that all of these defenses are sustained.  Inasmuch as the questions involved are simple and purely questions of fact, I deem it sufficient to state briefly, for information of counsel, the grounds upon which I have reached this conclusion.

Lack of novelty is apparent from the prior art disclosed by the file wrapper history of the application for complainant's patent, particularly applicant's admission therein of the place in the prior art

---

of United States letters patent No. 871,930, issued to G. and E. Hagstrom, and United States letters patent No. 866,539, issued to P. C. Traver, and the admission in lines 6 to 13, page 2, of the prior art of using flat pads of fabric and other materials having a portion of the edges thereof extending far enough to lap over the beads of the tire casing.

On this hearing in addition thereto, and supporting this conclusion, were produced United States letters patent No. 852,113, issued to C. D. Gilman, and British letters patent No. 16,660, issued to Edward Bell Raper. This admitted prior art leaves nothing remaining of complainant's alleged invention, except the tense or stretched condition of the several layers of rubber-coated fabric comprising the body portion of the blow-out patch. This file wrapper history shows that this tense or stretched condition was the only supposedly novel feature in complainant's invention, and the patent was issued apparently on this ground alone; the applicant waiving, by his acquiescence in the previous rejections by the Patent Office Examiner, his right to claim a different interpretation of the prior art, or a broader construction of his patent claims. This feature becomes unimportant, because in commercial practice it has disappeared from the blow-out patch as manufactured by complainant, and was never present in defendant's device.

In my opinion, also, it is difficult to agree with the Patent Office Examiner that the supposedly novel feature of tense or stretched condition of the several layers of the body of the blow-out patch amounted to invention, or that, independently of the prior art above recited, invention is involved in extending the edges of one of the layers, called "wings," over the bead or rim of the outer casing. This expedient is so obvious as to occur naturally to any skilled mechanic making a tire repair; in point of fact, it did naturally occur as soon as the problem was presented to the applicant himself, and also, as the evidence clearly shows, to Andrew Halter and Lemuel I. Jones, two of the tire repair men called as witnesses on behalf of defendant.

I am also of opinion that the prior uses relied on by the defendant are proved by clear and convincing evidence and beyond a reasonable doubt. They are four in number, all prior in time to complainant's alleged invention. One was at the repair shop of the Republic Tire & Rubber Company, at Youngstown, Ohio, in May, 1906, proved by Andrew Halter and Lemuel I. Jones; another at the repair shop of the Lake Shore Rubber Company, at Jeannette, Pa., proved by Frank D. Gable and Edward J. Considine; another at the Michelin Tire Repair Company, in New York, proved by Edward J. Considine and Frank D. Gable; and another at the repair shop of D. E. Foote, Frankfort avenue, Cleveland, Ohio, proved by Fred Hitzman, F. J. Steadley, and D. E. Foote.

Complainant urges that the testimony of all these witnesses is not sufficient to meet the legal requirements of proof of prior use, in that it is not convincing beyond a reasonable doubt. Their testimony, in my opinion, can be disregarded, and these prior uses ignored, only on one or the other of two grounds: First, that all these witnesses

are lying; or, second, that all of them are mistaken. Having seen and heard these witnesses testify, I am not willing to accept either view, and disregard their testimony. Most verdicts in criminal cases, in which guilt must be proved beyond a reasonable doubt, are rendered on testimony less clear, direct, and convincing. If only one use were proved, and the proof of that use rested on oral testimony exclusively of two or three witnesses, a more careful scrutiny of their testimony might be required; but, when exactly similar uses in so many different places are proved by different sets of witnesses, any doubt yet remaining is an unreasonable doubt, one conjured up by the ingenuity of counsel, and not one arising out of the failure or insufficiency of the evidence.

A decree will be entered dismissing complainant's bill, at its costs.